**Electronically Filed
Intermediate Court of Appeals
29148
31-MAY-2012
08:51 AM**

NO. 29148

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

KAREN L. MEREDITH, individually and in her capacity as Guardian
of Ruth Scupholm; and JEFFREY MOREIRA, Plaintiffs-Appellees,
v.
BARBARA J. RAPISORA; BRANDON C. LAU; and PRUDENTIAL LOCATIONS,
LLC; JOHN DOES 1-10 and DOE ENTITIES 1-10, Defendants-Appellees,
and
KATHLEEN M.S. MIKATICH and DIANNE M.S. FRAZIER,
Intervenors/Descendants-Appellants.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 07-1-1018)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Foley and Fujise, JJ.)

Intervenors/Descendants-Appellants Kathleen M.S.
Mikatich (Mikatich) and Dianne M.S. Frazier (Frazier)
(collectively, Intervenors) appeal from the order denying their
motion for intervention or joinder (Order)[1] that was entered by
the Circuit Court of the First Circuit (Circuit Court).[2]  On
appeal, Intervenors contend in their points of error that the

_____

[1] The full title of the Order is "Order Denying Motion to Intervene and
Rule 19 Joinder of Persons Needed for Just Adjudication and Motion for a Rule
59(e) Alteration or Amendment of Judgment and/or Alternatively Motion for Rule
60(b) for Relief from Judgment of Order and/or Alternatively Motion for Rule
62(b) Stay of Proceedings to Enforce Judgment Granting Plaintiffs' Motion to
Enforce Settlement Agreement, Filed December 28, 2007."

[2] The Honorable Sabrina S. McKenna presided over the proceedings
relevant to this appeal.

Circuit Court erred in: (1) denying their motion to intervene as of right pursuant to Hawai'i Rules of Civil Procedure (HRCP) Rule 24(a) (2006);[3] (2) denying their motion for permissive intervention pursuant to HRCP Rule 24(b) (2006);[4] and denying their motion for joinder pursuant to HRCP Rule 19 (2000).[5] We affirm.

I.

A.

Chester Scupholm (Chester) and Ruth Scupholm (Ruth) were married in 1969. Intervenors are Chester's daughters from a prior marriage. Chester had apparently become estranged from Intervenors and had not seen them for approximately forty years. Chester and Ruth did not have any children together.

---

[3] HRCP Rule 24(a) provides, in pertinent part:

(a) **Intervention of right**. Upon timely application anyone shall be permitted to intervene in an action: . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

[4] HRCP Rule 24(b) provides, in pertinent part:

(b) **Permissive intervention**. Upon timely application anyone may be permitted to intervene in an action: . . . (2) when an applicant's claim or defense and the main action have a question of law or fact in common. . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication or the rights of the original parties.

[5] HRCP Rule 19 provides, in pertinent part:

(a) **Persons to be joined if feasible**. A person who is subject to service of process shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (A) as a practical matter impair or impede the person's ability to protect that interest or (B) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff.

Plaintiffs-Appellees Karen L. Meredith (Meredith) and Jeffrey Moreira (Moreira) are, respectively, Ruth's niece and nephew.

In April or May of 2005, Defendant-Appellee Barbara J. Rapisora (Rapisora) met Ruth at Kahala Mall and accompanied her home. Rapisora had no prior relationship with Chester or Ruth, who in 2005 were both in their eighties. Rapisora became the Scupholms' sole housekeeper and caregiver.

On January 22, 2007, Chester signed a Last Will and Testament (Will) that expressly disinherited Intervenors as well as Meredith and Moreira, named Rapisora as the sole beneficiary of his estate, and appointed Rapisora to be his personal representative. The Will cites the lack of a relationship between Chester and Intervenors for a period of forty years as the reason for his disinheriting them and states that Chester does not want Intervenors to be notified of his passing. The Will was drafted by Navy Staff Judge Advocate Lieutenant Erin Baxter, a friend of Rapisora's. In January 2007, Rapisora replaced Ruth on a bank account at Central Pacific Bank that Chester had previously held as trustee for Ruth. In March 2007, approximately $729,000, which was originally from Chester and Ruth's accounts (including certificates of deposit), was allegedly used to purchase residential real property in Kailua (Kailua Property). The March 14, 2007, deed for the Kailua Property identifies the grantees as Chester and Rapisora "as JOINT TENANTS with full rights of survivorship and not as tenants in common[.]" Chester passed away on April 21, 2007.

B.

Meredith, individually and in her capacity as Ruth's guardian, and Moreira (collectively Plaintiffs) filed a Complaint on June 5, 2007. Plaintiffs filed a First Amended Complaint on September 7, 2007, which named Rapisora, Brandon C. Lau (Lau), and Prudential Locations, LLC. (Prudential) as defendants. The First Amended Complaint alleged, among other things that: (1) Ruth was 86 years old and suffered from Alzheimers disease; (2) Chester had suffered numerous strokes before his death; (3)

Chester and Ruth hired Rapisora as a full-time housekeeper and caretaker in 2006; (4) through improper means, Rapisora obtained control over Chester and Ruth's finances and legal documents; (5) Lau was a real estate agent for Prudential and represented Chester in the purchase of the Kailua Property; (6) Lau failed to properly advise Chester and allowed the Kailua Property to be conveyed to Chester and Rapisora as joint tenants; (7) Rapisora manipulated Chester into using funds from the redemption of certificates of deposits held by Chester and Ruth to purchase the Kailua Property; (8) thirty-six days after the Kailua Property was purchased, Chester "suddenly died" leaving Rapisora as the sole owner of the property; and (9) at the time of Chester's death, Rapisora administered all of Chester's medications and prepared all of his meals.

The First Amended Complaint alleged the following causes of action:  undue influence (Count 1), duress (Count 2), breach of fiduciary duties (Count 3), tortious conversion (Count 4), unfair and deceptive trade practices (Count 5), wrongful death (Count 6), tortious interference with inheritance (Count 7), negligence (Count 8), unjust enrichment (Count 9), and punitive damages (Count 10).  Plaintiffs asserted all of the counts against Rapisora and Counts 3, 8, and 10 against Lau and Prudential.  The Plaintiffs sought relief, including a reformation of the deed on the Kailua Property to make Chester and Ruth joint tenants and special, general, consequential, statutory, and punitive damages.

In the course of the proceedings, Plaintiffs engaged in substantial discovery and obtained two preliminary injunctions directed at preventing Rapisora from selling the Kailua Property and accessing funds from accounts formerly held by Chester and/or Ruth.  In addition, the Office of Public Guardian was appointed to replace Meredith as Ruth's guardian.

In October 2007, the parties agreed to participate in mediation.  On December 13, 2007, after participating in mediation, the parties reached a settlement agreement, in which

4

the parties agreed on various matters, including future caregiving services by Rapisora for Ruth, compensation for Rapisora, the conveyance of the Kailua Property, and the distribution of Ruth's estate upon her death.

Rapisora apparently had second thoughts about the settlement agreement. On December 20, 2007, Rapisora contacted Intervenors and advised them of Chester's death and Plaintiffs' lawsuit. Intervenors had not previously been aware of Chester's death or Plaintiffs' lawsuit. On December 24, 2007, Intervenors sent a letter to counsel for the parties, stating that Intervenors were Chester's biological children, were aware of the legal proceedings, had an interest in Chester's estate, and had retained counsel to protect their interests. On December 27, 2007, Plaintiffs were informed that Rapisora had changed her mind about the settlement agreement. On December 28, 2007, Plaintiffs filed a motion to enforce the settlement agreement, and on January 23, 2008, the Circuit Court granted Plaintiffs' motion.

On February 4, 2008, Intervenors filed their motion for intervention and joinder. Plaintiffs filed an opposition to Intervenors' motion, arguing that Intervenors had no interest in the property at issue in the lawsuit and had the ability to protect their asserted interest in Chester's estate by participating in the separate probate proceeding that had recently been filed concerning Chester's estate. Ruth passed away on March 14, 2008, the same day that the Circuit Court held a hearing on Intervenors' motion.

At the hearing, the Circuit Court asked whether the funds used to purchase the Kailua Property and the funds in the Chester/Rapisora bank account[6] had come from joint accounts held by Chester and Ruth. The court-appointed conservator for Ruth responded that these funds came from jointly held accounts or accounts separately held by Ruth, because Chester did not have a

_____

[6] The Circuit Court was apparently referring to the account held by Chester as trustee for Rapisora, in which Rapisora had been substituted for Ruth.

5

separate account. Intervenors' counsel did not object to or contradict this response. The Circuit Court advised Intervenors' counsel of its inclination to deny Intervenors' motion because Intervenors "actually would not have any interest in the property that was subject to this lawsuit, and if [Intervenors] had any interest, it would be in the estate, which there is a separate probate and which [Intervenors] are apparently represented by Mr. Shigemura." After expressing its inclination, the Circuit Court asked Intervenors' counsel if he had any additional arguments. Intervenors' counsel replied that "We found out about this situation late and made a timely effort to become involved. That's all I can -- outside of that, I can't manufacture facts, Judge."

At the conclusion of the hearing, the Circuit Court orally denied Intervenors' motion on the ground that Intervenors "would not have any interest in the property that is the subject of this lawsuit." On April 9, 2008, the Circuit Court filed its written Order, denying Intervenors' motion on this ground. This appeal followed.

II.

We resolve Intervenors' points of error as follows:

1.	Intervenors' contend that the Circuit Court erred in denying their motion for intervention as of right under HRCP Rule 24(a)(2). We disagree.

In order to establish their entitlement to intervene as of right under HRCP Rule 24(a)(2), Intervenors must show that: (1) their motion for intervention was timely; (2) they claimed "an interest relating to the property or transaction which was the subject of the action"; (3) "the disposition of the action would, as a practical matter, impair or impede [their] ability to protect that interest"; and (4) their interest was inadequately represented by existing parties. Baehr v. Miike, 80 Hawai'i 341, 343, 910 P.2d 112, 114 (1996) (block quote format and brackets

6

omitted). Intervenors have the burden of proving each of these four elements. See Reid v. Ill. State Bd. of Educ., 289 F.3d 1009, 1017 (7th Cir. 2002). In addition, Intervenors must satisfy all four of these requirements because the "[f]ailure to meet even one prevents intervention 'by right' under HRCP Rule 24(a)(2)." Baehr, 80 Hawai'i at 345, 910 P.2d at 116.

Intervenors sought intervention to protect their claimed interest in Chester's estate. Their claimed interest depended on invalidating Chester's last Will, which expressly disinherited them, and proving that he died intestate. However, even if Intervenors could establish that Chester died intestate, they could not claim an interest in property that Chester held jointly with Ruth or that Ruth held separately.

In support of their motion to intervene, Intervenors did not show that any property owned separately by Chester was the subject of Plaintiffs' lawsuit. They did not object when Ruth's conservator represented that no funds from accounts separately owned by Chester had been used to purchase the Kailua Property or had gone into the account held by Chester as trustee for Rapisora. Intervenors also did not offer any evidence that property owned separately by Chester at the time of his death, or which Chester would have owned separately at the time of his death if not for Rapisora's alleged undue influence, was the subject of the lawsuit. As the Circuit Court noted, a separate probate petition regarding Chester's estate had been filed and Intervenors were represented by counsel in that separate proceeding. Thus, Intervenors had the ability to assert their claims and protect their interests regarding Chester's estate in that separate proceeding. In addition, because Intervenors were not parties to Plaintiffs' instant lawsuit or the settlement agreement, they were not bound by the terms of the settlement agreement or precluded from litigating their interest in Chester's estate on the merits in separate proceedings. Under

these circumstances, we conclude that the Circuit Court did not err in denying Intervenors' motion to intervene as of right.

2.    Although Intervenors assert in their point of error (2) that the Circuit Court erred in denying their motion for permissive intervention pursuant to HRCP Rule 24(b), they do not separately argue this point.  Thus, Intervenors waived this point of error.  See Hawai'i Rules of Appellate Procedure (HRAP) Rule 28(b)(7) (2008) ("Points not argued may be deemed waived."). In any event, we review the denial of a motion for permissive intervention under HRCP Rule 24(b)(2) for abuse of discretion. Estate of James Campbell, 106 Hawai'i 453, 461, 106 P.3d 1096, 1104 (2005).  We conclude that Intervenors have not shown that the Circuit Court abused its discretion in denying their request for permissive intervention.

3.    With respect to point of error (3), in which Intervenors assert that the Circuit Court erred in denying their motion for joinder pursuant to HRCP Rule 19, Intervenors simply incorporate "all the factual reasons listed in [their argument regarding intervention as of right]."  We review the trial court's decision on joinder pursuant to HRCP Rule 19(a) for abuse of discretion.  See Puyallup Indian Tribe v. Port of Tacoma, 717 F.2d 1251, 1255 (9th Cir. 1983) (construing analogous federal rule).  We conclude that Intervenors have not shown that the Circuit Court abused its discretion in denying their motion for joinder.  Moreover, this court has ruled that the appropriate procedural vehicle for a non-party, on its own motion, to seek entry into a case is intervention pursuant to HRCP Rule 24, rather than joinder pursuant to HRCP Rule 19(a).  W.H. Shipman, Ltd. v. Hawaiian Holiday Macadamia Nut Co., 8 Haw. App. 354, 370, 802 P.2d 1203, 1211 (1990).

8

III.

For the foregoing reasons, we affirm the Circuit Court's Order.

DATED:  Honolulu, Hawai'i, May 31, 2012.

On the briefs:

Stuart M. Cowan
for Intervenors/
Descendants- Appellants

*Craig H. Nakamura*
Chief Judge

Lyle S. Hosoda
Raina P.B. Gushiken
Christopher T. Chun
Kevin T. Morikone
(Lyle S. Hosoda & Associates, LLC)
for Plaintiffs-Appellees

*Daniel R. Foley*
Associate Judge

*[signature]*
Associate Judge

9